RAFAEL ALDEA BIGLES, Plaintiff and Appellant, *v.* REXACH RACING AND SPORTING CORPORATION, Defendant and Appellee.

No. 4909. Argued June 18, 1931.—Decided July 29, 1932.

*L. Feliú* for appellant.    *L. S. Vahamonde* for appellee.

Mr. Justice Aldrey delivered the opinion of the Court.

On August 10, 1924, races were held at the "Las Casas" race track, owned by Rexach Racing & Sporting Corporation. The game known as pool was played, and in such game the players write on a printed combination ticket the name of one or more of the competing horses in each of the seven races which take place each day races are held, and a percentage of the proceeds of the bets is distributed among the persons picking the largest number of winning horses.

Rafael Aldea Bigles was one of the persons who played that day the pool, and he brought suit against said corporation alleging that he had played the pool and that defendant has an employee whom plaintiff calls flagman (*abanderado*) and whose duties are to stand with a flag at a convenient distance from the starter and to wave the flag when ordered by the starter in case a start not authorized by him is made; that plaintiff in the seventh race had included in his combination ticket the horses named "Loba," "Vaquerito," "Braender," and "Nieve"; that when the eleven horses taking part in the seventh race left the post, said flagman, without any order or instruction from the starter, and without just cause or reason therefor, waved the flag and thereby caused the majority of the jockeys riding the horses to hold them, and some turned back; that of the remaining horses the winner was "St. Patrick"; that said race was not canceled by the race-track jury; that the second race had been canceled, for which reason the pool was distributed among those persons having picked six winners, but that if the seventh race had been canceled, as plaintiff believes should have been done, then the pool would have been distributed among the persons having picked five winners, and plaintiff would have collected.

The fundamental question in this case is whether the flagman was an employee of defendant. This was the only question passed upon by the lower court, which decided that he was not an employee, and therefore it rendered judgment for the defendant, without costs. The present appeal has been taken by the plaintiff from that judgment.

The first assignment of error is that the lower court committed manifest error in basing its judgment on the fact that the flagman was not an employee of defendant.

We have read the evidence offered at the trial. Three witnesses testified for plaintiff; two of them, Emilio Egozcue, the starter, and José Torres Silva, field judge, did not know whether the flagman was hired by the defendant corporation. The other witness was the plaintiff who did not know who hired the flagman, but testified that the corporation paid him because he had seen the item of *"abanderado"* in the general account of the Racing Commission, and later stated that it was of the corporation. When asked whether there were employees paid by the corporation he stated, "I saw the charge," and that he did not remember his name or the salary paid, although the amount was small. José A. Rexach, the president of defendant corporation, testified that the Racing Commission makes all the appointments of race-track employees; that the *"abanderado"* is not an employee of the corporation which neither hires him nor pays his salary.

The plaintiff has always the burden of proving his case, and the evidence presented by the plaintiff in the instant case is regarded by us, and similarly by the lower court, as insufficient to establish that the *"abanderado"* was an employee of defendant. That person was not even called as a witness to testify as to whether defendant had hired him, nor was there any evidence from the Racing Commission, which commission must know who hires said *"abanderado,"* nor was the account referred to by plaintiff requested to be produced.

Consequently, we can not decide that the lower court committed the error claimed.

In view of the conclusion we have reached, it is not necessary to consider the other errors assigned, for if said *"abanderado"* was not an employee of defendant, it would be futile to determine in this case whether or not he acted negligently, or whether the seventh race was void.

The lower court did not err in rendering the judgment appealed from, and the same is affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.